UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LUIS JAIME,

              Plaintiff,

-against-

NEW YORK CITY CORRECTIONS, et al.,

              Defendant.

24-CV-0271 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

      On January 10, 2024, the Court received two substantially similar complaints from Plaintiff, in which he asserted claims arising from his fall at a courthouse in Manhattan on September 30, 2023; these were opened under docket numbers 24-CV-0266 and 24-CV-0271. By order dated January 16, 2024, the Court dismissed the complaint under 24-CV-0271, without prejudice to Plaintiff's pursuing all of his claims arising from the September 30, 2023 incident in the action under the lower docket number (24-CV-0266), which remains pending.[1] The Court indicated that Plaintiff would not be charged the $350.00 filing fee for the closed action (24-CV-0271).

      On February 5, 2024, the Court received Plaintiff's notice of appeal from the order of dismissal without prejudice, together with a motion for an extension of time to file a notice of appeal. (ECF 7-8.) Under Rule 4(a)(1)(A) of the Federal Rules of Appellate Procedure, a notice of appeal in a civil case must be filed within 30 days after entry of judgment. Because Plaintiff's

---

[1] By order dated January 18, 2024, the Court directed Plaintiff to submit a prisoner authorization form in the action under docket number 24-CV-0266. On February 7, 2024, the Court received that prisoner authorization form.

   Plaintiff can, if necessary, amend his complaint in that action, insofar as permitted by Rule 15 of the Federal Rules of Civil Procedure, to include any new or different claims or parties in connection with the September 30, 2023 incident.

notice of appeal was filed within 30 days after entry of judgment on January 16, 2023, the notice of appeal is timely, and a motion for extension of time to appeal is unnecessary. Accordingly, Plaintiff's motion for extension of time to appeal is denied as moot.

The Court reiterates that all of Plaintiff's claims arising from the September 30, 2023 incident can be raised in the action under docket number 24-CV-0266.

## CONCLUSION

Plaintiff's motions for an extension of time to file a notice of appeal (ECF 7) is denied as moot. Plaintiff's claims arising from the September 30, 2023 incident can be raised in the pending action under docket number 24-CV-0266.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is again denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated: February 7, 2024
New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge